UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOVANNA COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-478-G |
| | ) |
| VENITA HOOVER et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 13) filed by Defendant Board of Law Library Trustees of Oklahoma County. Plaintiff Jovanna Combs has filed a Response (Doc. No. 14), and Defendant has replied (Doc. No. 15).

### I. Background

Plaintiff initiated this employment discrimination action in Oklahoma County District Court on February 14, 2025, naming multiple defendants. *See* Pet. (Doc. No. 1-1). On April 30, 2025, another defendant (now dismissed) removed the case to this Court. *See* Notice of Removal (Doc. No. 1); Pl.'s Notice of Voluntary Dismissal (Doc. No. 6).

Defendant Board of Law Library Trustees of Oklahoma County ("the Board") is a five-member board consisting of:

> (a) . . . [T]wo district judges of the county . . . .
> (b) The district attorney for the district that includes the county in which the law library is located, or an assistant district attorney who is designated by the district attorney.
> (c) Two members of the county bar association . . . .

Okla. Stat. tit. 20, § 1204; *see* Def.'s Mot. to Dismiss at 3.

On May 12, 2025, Plaintiff filed a Proof of Service as to the Board (Doc. No. 9). In the Proof of Service, Plaintiff's attorney declared that on May 9, 2025, she had served the summons on Vicki Behenna, Oklahoma County District Attorney, as the individual "designated by law to accept service of process on behalf of" the Board. *Id.* at 1.

On August 6, 2025, Robert Don Gifford entered an appearance in this case as counsel for the Board. *See* Doc. No. 12. Attorney Gifford is also a member of the Board. Def.'s Reply at 2; *see* Okla. Stat. tit. 20, § 1204(c).

II.     *Federal Rules of Civil Procedure 4 and 12(b)(5)*

A plaintiff in a federal civil lawsuit is required to have each defendant served with summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). "Personal service under Rule 4 . . . notif[ies] a defendant of the commencement of an action against him." *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). Further, such service "provides the mechanism" for the court to assert jurisdiction "over the person of the party served." *Id.*; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). "Effectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Thus, a plaintiff's unexcused failure to comply with Rule 4 allows a district court to dismiss the action. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992); Fed. R. Civ. P. 4(m).

A motion based on "insufficient service of process" under Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the plaintiff's mode of serving process on the moving party. Fed. R. Civ. P. 12(b)(5); *Craig v. City of Hobart*, No. CIV-09-53-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citing 5B Charles A. Wright & Arthur R.

2

Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2004)).  In opposing a Rule 12(b)(5) motion, the plaintiff bears the burden of showing that he or she has "complied with all statutory and due process requirements."  *Craig*, 2010 WL 680857, at *1.  "Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained."  5B Wright & Miller, *supra*, § 1354; *accord Gray v. Ritter*, No. CIV-09-919-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010) (R. & R.), *adopted*, 2010 WL 4880870 (W.D. Okla. Nov. 24, 2010).

    III.    *Discussion*

Because this action was removed on April 30, 2025, Plaintiff's deadline to effect service upon the defendants was July 29, 2025.  *See* Fed. R. Civ. P. 4(m); 28 U.S.C. § 1448; *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010).

The Board argues that dismissal is warranted because the Board has still not been properly served.  *See* Def.'s Mot. to Dismiss at 3-8.  More specifically, the Board argues that District Attorney Behenna is not a member of and is not authorized to accept service for the Board, as she has designated an assistant district attorney to sit on the Board in her stead.  *See* Def.'s Reply at 3; Okla. Stat. tit. 20, § 1204(b); *see also id.* tit. 12, § 182.  The Board also objects that the Oklahoma County District Attorney's Office is not statutorily authorized to represent the Board in this action.  *See* Def.'s Mot. to Dismiss at 8.

Plaintiff responds that neither the membership of the Board nor the proper method for serving the Board is widely available or clear from Oklahoma statute, although the

Board is a public entity. *See* Pl.'s Resp. at 2, 4 ("Even in its motion to dismiss, the Board does not identify who or how to properly serve it."). Plaintiff points out that the Board had actual notice of the lawsuit, as Oklahoma County District Attorney's Office advised the Board months ago that it did not represent the Board and would not accept service, but instead waited until Plaintiff's service time had run to appear in this action. *See id.* at 3. Plaintiff argues that she has substantially complied with service requirements but, if the Court concludes otherwise, requests that she be given an extension of time to serve the Board in lieu of dismissal. *See id.* at 3-4; *see also* Fed. R. Civ. P. 4(e)(1); *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2008).

Having considered the parties' arguments, counsel's representations, and the relevant authorities, the Court finds that Plaintiff's attempted service upon the Board was insufficient and not in substantial compliance with Oklahoma requirements, as the Board represents that District Attorney Behenna is not a current member. Given Plaintiff's timely attempt to serve the Board, however, as well as the Board's actual notice of this lawsuit and the lack of clarity as to how service may properly be achieved, the Court declines to dismiss the relevant claims. Further, the Court concludes that Plaintiff has shown "good cause for the failure" to timely serve the Board and is therefore entitled to an extension of time to complete service. Fed. R. Civ. P. 4(m).

## CONCLUSION

IT IS THEREFORE ORDERED:

1. The Motion to Dismiss (Doc. No. 13) filed by Defendant Board of Law Library Trustees of Oklahoma County is DENIED;

4

2. Plaintiff's May 9, 2025 service attempt upon this Defendant is QUASHED; and

3. Plaintiff's request for an extension of the service deadline as to this Defendant is GRANTED. Plaintiff shall complete service upon Defendant Board of Law Library Trustees of Oklahoma County in compliance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order.

IT IS SO ORDERED this 13th day of February, 2026.

_____
CHARLES B. GOODWIN
United States District Judge